# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE SESSION, 1998

**FILED**

**July 10, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | **C.C.A. NO. 02C01-9711-CC-00447** |
| | **)** | |
| Appellee, | **)** | |
| | **)** | |
| | **)** | **HARDIN COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. C. CREED McGINLEY** |
| **JASON W. KIMBERLAND,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | (First Degree Felony-Murder) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CIRCUIT COURT OF HARDIN COUNTY

FOR THE APPELLANT:

RON E. HARMON
618 Main Street
Savannah, TN 38372

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

PETER M. COUGHLAN
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

ROBERT RADFORD
District Attorney General

JOHN OVERTON
Assistant District Attorney General
2nd Floor, Hardin County Courthouse
Savannah, TN 38372

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, Jason W. Kimberland, appeals as of right pursuant to Tennessee Rule of Appellate Procedure 3(b) the final judgment of conviction of felony murder. Defendant asserts on appeal that insufficient evidence existed by which the jury found him guilty of attempted robbery, the felony upon which his felony murder conviction was based. We conclude that the record contains sufficient evidence to support a jury finding of attempted robbery, and we therefore affirm the judgment of the trial court.

In July 1996, Defendant was indicted by the Hardin County Grand Jury on charges of first degree murder in violation of Tennessee Code Annotated § 39-13-202(a)(2) and conspiracy to commit aggravated robbery in violation of Tennessee Code Annotated § 39-12-103. The State voluntarily withdrew the charge of conspiracy prior to jury selection, Defendant was convicted of first degree felony murder by a jury in the Circuit Court for Hardin County, and a sentence of life imprisonment was entered into judgment on April 11, 1997. Defendant's Motion for New Trial and Amended Motion for New Trial were together denied by the trial court, and Defendant timely appealed.

Defendant's sole issue for review by this Court is whether the evidence at trial was sufficient to permit the jury to find him guilty of the underlying felony of attempted robbery. Defendant admits he killed the victim in this case but denies he committed attempted robbery, asserting that he did not take the requisite

"substantial step" toward accomplishing the robbery. <u>See</u> Tenn. Code Ann. § 39-12-101(a)(3).

Before addressing the merits of Defendant's argument, we must assess the appropriate standard of review. Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). In addition, because conviction by a trier of fact destroys the presumption of innocence and imposes a presumption of guilt, a convicted criminal defendant bears the burden of showing that the evidence was insufficient. <u>McBee v. State</u>, 372 S.W.2d 173, 176 (Tenn. 1963); <u>see also</u> <u>State v. Evans</u>, 838 S.W.2d 185, 191 (Tenn. 1992) (citing <u>State v. Grace</u>, 493 S.W.2d 474, 476 (Tenn. 1976), and <u>State v. Brown</u>, 551 S.W.2d 329, 331 (Tenn. 1977)); <u>State v. Tuggle</u>, 639 S.W.2d 913, 914 (Tenn. 1982); <u>Holt v. State</u>, 357 S.W.2d 57, 61 (Tenn. 1962).

In its review of the evidence, an appellate court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." <u>Tuggle</u>, 639 S.W.2d at 914 (citing <u>State v. Cabbage</u>, 571 S.W.2d 832, 835 (Tenn. 1978)). The court may not "re-weigh or re-evaluate the evidence" in the record below, <u>Evans</u>, 838 S.W.2d at 191 (Tenn. 1992) (citing <u>Cabbage</u>, 571 S.W.2d at 836)); likewise, should the reviewing court find particular conflicts in the trial testimony, the court must resolve them in favor of the jury verdict or trial court judgment. <u>Tuggle</u>, 639 S.W.2d at 914.

As noted above, Defendant argues that the evidence was insufficient to convict him of felony murder because it was insufficient to find him guilty of the underlying felony; he does not contest the sufficiency of evidence brought by the State to demonstrate that he killed the victim. Precisely, Defendant maintains that the jury could not have found that he committed a substantial step toward attempted robbery, in satisfaction of Tennessee Code Annotated § 39-12-101(a)(3). In his words, the "fact-finder does not enjoy untrammeled discretion in deciding whether a defendant's acts constitute a substantial step"; rather, "that discretion is sharply limited" by the statutory requirement that a defendant's entire course of conduct be corroborative of the intent to commit a felony. See Tenn. Code Ann. § 39-12-101(b). Because he did not actually rob the victim, Defendant argues, his entire course of action was not corroborative of the intent to rob the victim.

The proof at trial concerning attempted robbery, much of which derives from Defendant's own testimony, showed that Lloyd Ferrell, Defendant's supplier of drugs, confronted Defendant with a proposal: to rob Ferrell's elderly aunt and uncle and split the proceeds. Ferrell informed him that the couple had saved as much as possibly $150,000, all of which was hidden in their home. Ferrell further claimed that his aunt and uncle had neither a telephone nor a gun. He suggested that Defendant break into the house, bind the couple with duct tape, and rob them. Initially, Defendant resisted the idea and his girlfriend begged him not to become involved in the plan; however, Ferrell ultimately persuaded him to agree.

In the early morning hours of March 27, 1996, Ferrell picked up Defendant in his car and gave him four ten-milligram tablets of Valium, which Defendant ingested. Defendant wore camouflage clothing and a dark ski mask that covered his face; and he carried a loaded .380 caliber pistol provided to him by Ferrell. Ferrell left him at the house before daylight, but Defendant chose to wait behind a tree in the yard until dawn. Unbeknownst to Defendant, the victim's wife spotted Defendant hiding behind the tree and wakened her husband. The victim obtained his shotgun just before Defendant entered the home; and when Defendant forcibly entered by breaking down the door of the house, the victim pointed the shotgun at him. Upon seeing the victim with a gun, Defendant left immediately; but he fired five shots into the home, one of which killed the victim. Defendant was shortly taken into custody close to the crime scene.

Our supreme court recently interpreted "substantial step toward the commission of the offense" within the meaning of Tennessee Code Annotated § 39-12-101(a)(3) and (b). See State v. Reeves, 916 S.W.2d 909 (Tenn. 1996); see also State v. Billie Austin, C.C.A. No. 03C01-9601-CC-00023, Cumberland County, (Tenn. Crim. App., Knoxville, Feb. 11, 1997), perm. to appeal denied (Tenn. 1997) (following Reeves to find a substantial step where defendant poured kerosene on and around victim and attempted to light cigarette lighter). But see State v. Charles D. Fowler, C.C.A. No. 01C01-9608-CC-00363, Coffee County (Tenn. Crim. App., Nashville, Dec. 17, 1997) (finding no substantial step toward "sexual penetration" for attempted statutory rape where defendant merely paid money and expressed desire to have sex with boy).

In Reeves, two twelve-year-old girls agreed over the telephone to kill their teacher with poison—a plan which was communicated with another schoolmate. Reeves, 916 S.W.2d at 910. One of the girls brought rat poison to school in her purse, and both took the purse to their teacher's desk. Id. The teacher entered the room and observed the girls leaning over her desk; they then returned to their seats. Id. Although the girls had not placed the poison into her drink, they left the purse beside the teacher's coffee cup and the poison was later discovered in the purse. Id.

The Reeves court concluded that the actions constituted a substantial step toward commission of second degree murder and held that

> when an actor possesses materials to be used in the commission of a crime, at or near the scene of the crime, and where the possession of those materials can serve no lawful purpose of the actor under the circumstances, the jury is entitled, but not required, to find that the actor has taken a "substantial step" toward the commission of the crime if such action is strongly corroborative of the actor's overall criminal purpose.

Id. at 914. The supreme court recognized that the language of this state's "attempt" statute is derived from the Model Penal Code (MPC); and although it specifically declined to adopt the interpretations of "substantial step" contained within the text of the MPC, the court conspicuously relied upon two when fashioning the Reeves holding. These interpretations are pertinent in this case as well:

> Conduct shall not be held to constitute a substantial step . . . unless it is strongly corroborative of the actor's criminal purpose. Without negating the sufficiency of other conduct, the following, if strongly corroborative of the actor's criminal purpose, shall not be held insufficient as a matter of law:
>     . . .
>     (e) possession of materials to be employed in the commission of the crime, which are specially designed for such unlawful use or which can serve no lawful purpose of the actor under the

-6-

circumstances;

(f) possession, collection or fabrication of materials to be employed in the commission of the crime, at or near the place contemplated for its commission, where such possession, collection or fabrication serves no lawful purpose of the actor under the circumstances.

Model Penal Code § 5.01(2)(e)-(f).

In the case at bar, Defendant admitted to carrying a loaded .380 weapon in furtherance of his intent to rob—to frighten the victim into submission. He held the gun in his hand as he broke down the door to enter the victim's home, and he ultimately used the gun. Furthermore, Defendant carried duct tape in his pocket for the specific purpose of binding the victim and his wife in furtherance of the intended robbery. In light of the Defendant's statements regarding the duct tape, we need not hypothesize whether he could have possessed it for some lawful purpose—he has admitted his objective. We conclude that a jury was entitled to find that Defendant committed a substantial step toward the commission of robbery. See State v. Mack Devaney, C.C.A. No. 03C01-9407-CR-00246, Roane County (Tenn. Crim. App., Knoxville, Sept. 9, 1996), perm. to appeal denied (Tenn. 1997) (jury could find substantial step where defendant wrote "hold-up note," carried gun, wore trenchcoat and dark glasses, and waited at door of jewelry store).

Our analysis need not end here, however, because the facts of this case provide abundant support for this conclusion. Two other factors cited by the drafters of the Model Penal Code that evince a substantial step toward commission of a felony are present in this case as well: "lying in wait, searching for or following the contemplated victim of the crime," and "unlawful entry of a

structure, vehicle or enclosure in which it is contemplated that the crime will be committed." Model Penal Code § 5.01(2)(a), (d). Here, Defendant emerged from the car before dawn and waited behind a tree in the victim's backyard for a period of time until daylight in a dark ski mask.[1] He then drew his weapon, broke down the door of the home, and entered. This is additional evidence by which a trier of fact could find that Defendant took a substantial step toward the commission of robbery.

Defendant argues that although such a finding by the jury "would appear to be consonant with the policy considerations outlined in Reeves," he did not, in fact, take that substantial step because his "entire course of action" was not "corroborative of the intent" to rob, as required by Tennessee Code Annotated § 39-12-101(b). We cannot accept this argument. Defendant admits in his brief to this Court that he possessed the intent to rob prior to and after entering the victim's home. However, Defendant argues that because he turned and ran away upon encountering the victim with a shotgun, rather than continuing the robbery or returning and re-entering the home, he "abandoned his plan to commit the robbery at that point." We disagree and conclude that Defendant does not insulate himself from committing a "substantial step" by taking an affirmative self-preservation action. Even when a person fails to actually complete the felony for voluntary reasons, such conduct does not preclude a completed course of action representing an inchoate crime.

---

[1] Defendant testified that he waited until dawn so that he would not cause the victim or his wife to suffer a heart attack. His "good intentions" are of no consequence here. This factor demonstrates that Defendant spent a period of time contemplating the felony and did not abandon the act.

Although the term "substantial step" has not been interpreted exhaustively by the courts of this state, we believe that, in addition to the foregoing analysis, we "know it when [we] see it." See Jacobellis v. Ohio, 378 U.S. 184, 197 (1964) (Stewart, J., concurring). We believe we clearly see it here. Defendant in this case took a substantial step toward the commission of robbery.

The judgment of the trial court is affirmed.


_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
JOE E. RILEY, JUDGE