STATE of Tennessee, Petitioner,

v.

Clarence Ray BROWN and John Carl Redden, Respondents.

Supreme Court of Tennessee.

May 9, 1977.

Brooks McLemore, Atty. Gen., William W. Hunt, III, Asst. Atty. Gen., Nashville, for petitioner.

L. Thomas Austin, Stephen T. Greer, Dunlap, for respondents.

OPINION

FONES, Justice.

This case involves the sufficiency of circumstantial evidence to support the convictions of these two (2) defendants for concealing a stolen 1964 Chevrolet automobile. At trial, both men and a James S. Brown were found guilty of concealing the above car as well as a stolen 1964 Pontiac automobile. The Court of Criminal Appeals, in a split decision, affirmed all convictions with regard to the Pontiac but reversed these two defendants' convictions for concealing the Chevrolet. The majority's reasons for reversal was insufficiency of the evidence. The State has brought this petition for certiorari contending that the convictions should have been upheld.

On March 31, 1975, the owners of three (3) separate automobiles reported their cars stolen from the Northgate Shopping Center in Hamilton County. One of these was a Mrs. Christina Alday who testified that her 1964 Chevrolet was still in the parking lot at the shopping center at 4:30 p. m. When she finished work that night at approximately 9:00 p. m. she discovered her automobile was missing.

At approximately 5:00 p. m. on the same date, Mr. Eugene Carver received a call from his wife concerning his automobile, also parked in the Northgate Shopping Center. Mr. Carver immediately went to the shopping center and checked to see whether or not his car had been tampered with. While doing this, he noticed a 1962 black Chevrolet license number 88–J631 cruising around the parking lot. He became suspicious when he saw one or more men go from this car to other cars in the parking lot, including a white 1964 Chevrolet and a black 1964 Pontiac or Buick. Although he could not identify any of the men, he did notice that one of them was wearing a reddish orange "C.P.O." jacket. Mr. Carver called the auto theft division of the Chattanooga Police Department and reported his

observations in the parking lot, including a description and the license number of the 1962 Chevrolet.

On that same evening Sheriff Hickey of Sequatchie County was serving papers on Lewis Chapel Mountain, when he noticed a black 1964 Buick and a black 1964 Pontiac parked on Lewis Chapel Mountain Road with one driver in each of the vehicles. He identified the driver of the 1964 Pontiac as defendant Clarence Brown. As Sheriff Hickey turned around to investigate, both cars moved off at a high rate of speed. After an unsuccessful pursuit, Sheriff Hickey returned to Dunlap where he was telephonically informed by the Chattanooga Police Department that the cars were stolen.

Sheriff Hickey, accompanied by his deputies and members of the Chattanooga Police Department Auto Theft Division returned to Lewis Chapel Mountain. Approximately six hundred (600) yards from the point where he first observed the vehicles, he again saw the 1964 black Pontiac and a 1962 black Chevrolet license number 88–J631. Both defendants and James S. Brown were arrested in the area of these cars. Defendant Clarence Brown was wearing a reddish "C.P.O." styled jacket at the time of his apprehension. The next day, Mrs. Alday's 1964 Chevrolet was located some two (2) miles from the point of defendants' apprehension. The ignition switch of the car had been altered. A set of latent fingerprints was taken from the automobile and later identified as belonging to James S. Brown.

The foregoing is essentially all the evidence considered by the jury in their convictions of the defendants for the crime of concealment of the stolen 1964 Chevrolet. The Court of Criminal Appeals found this evidence was insufficient and could have resulted in nothing more than natural suspicion that the defendants were implicated in the theft of the Chevrolet. It specifically stated:

"We cannot say that the evidence excludes all reasonable hypothesis save guilt on the part of Redden and Clarence Ray Brown in that case."

The Court then cited *Marie v. State,* 204 Tenn. 197, 319 S.W.2d 86 (1958).

In *Marie v. State, supra,* the above statement appears in the context of the Court's consideration of the weight to be given the legal presumption that liquor found on a premises is possessed by the owner of the premises, whose testimony contradicts possession. As we understand the opinion, the quoted sentence was intended to state the test applicable to the jury's consideration of the case, not the standard of review on appeal.

■ In the Court of Criminal Appeals as well as this Court, the burden rests with the appealing defendant to demonstrate that the evidence preponderates against the verdict, even where the conviction is based solely on circumstantial evidence. *State v. Townsend,* 525 S.W.2d 842 (Tenn.1975); *Farmer v. State,* 208 Tenn. 75, 343 S.W.2d 895 (1961); *Ford v. State,* 184 Tenn. 443, 201 S.W.2d 539 (1949); *Chadwick v. State,* 189 Tenn. 256, 225 S.W.2d 52 (1949).

■ The following quoted paragraph by Mr. Justice Felts in his opinion in *Farmer v. State, supra,* is an excellent summary of the two (2) tests and their distinct application:

"It is true a greater degree of proof is required in a criminal case than in a civil case; that in the latter a preponderance suffices, while in the former guilt must be proved beyond a reasonable doubt; that is, the circumstances must exclude every other reasonable hypothesis than that of guilt. That is a rule for the Trial Court. *Bryan v. Aetna Life Ins. Co.,* (174 Tenn. 602, 130 S.W.2d 85.)

In the case before us, we think the circumstances warranted the trier of fact in inferring guilt beyond a reasonable doubt. The car was found on the road after midnight; it was plaintiff in error's car; he was in it, drunk and asleep at the wheel; it must have been driven on the road to the point where it was found; in the absence of anything to suggest that this might have been done by someone else, it is reasonable to infer that it was done by plaintiff in error; and, in view of

his intoxication, that it was done under the influence of the intoxicant.

The rule for review here differs from that on the trial below. There, the accused was presumed innocent; but the judgment and finding of guilt displaced the presumption of innocence, raised a presumption of guilt, and put upon plaintiff in error here the burden of showing the evidence preponderates against guilt and in favor of his innocence. (citations omitted).

The rule governing our review of the facts is the same whether the finding of guilt is based on testimonial or on circumstantial evidence. (citations omitted)." 208 Tenn. at 78, 79, 343 S.W.2d 896.

█ In our opinion, defendants have not met the burden of proving that the evidence preponderates against the verdict. The judgment of the Court of Criminal Appeals is reversed and the verdict and judgment of the Trial Court, finding defendants guilty of concealing the stolen 1964 Chevrolet are affirmed.

COOPER, C. J., and HENRY, BROCK and HARBISON, JJ., concur.