**STATE of Tennessee, Appellee,**

v.

**Linda RUSSELL, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

April 21, 1987.

Permission to Appeal Denied by Supreme Court Aug. 3, 1987.

Charles E. Fraley, Fraley, Ogle & Wolfenbarger, Knoxville, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Kathy M. Principe, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

DWYER, Judge.

This is an appeal of right by Linda Russell from her conviction of aggravated assault, for which she was sentenced to two years imprisonment. Appellant presents six issues for review.

The material facts from review of the evidence are these:

On the evening of January 28, 1985, the Loudon County Sheriff's Department received a call from Larry Russell. Russell and his wife were experiencing domestic problems, but due to his embarrassment, Russell fabricated another excuse for summoning an officer to his home.

Officer Massengill responded to the call finding an unexpected situation. Larry Russell explained that his wife, Linda, had locked him out of the house, and he wanted the sheriff to talk her into letting him back in. Appellant's father-in-law told the officer that shots had been fired, so Massengill radioed for assistance.

The officer then looked into a window of the house and saw two young children. The appellant was in the hallway with a hand gun. Massengill took cover behind a vehicle when the appellant came out on the porch and fired. The officer identified himself. In response, the appellant began hollering and refused to put down the gun. Larry Russell wanted to go inside to talk to his wife, but Officer Massengill advised him to stay under cover also.

Officer Webb arrived as a backup. As he ran for cover, the appellant fired a shot, striking Webb in the cheek. Massengill, for the fourth time, ordered appellant to put the gun down. Thinking that appellant was about to fire upon him, Massengill fired at the appellant, hitting her in the stomach. At trial, Massengill testified that to an earlier command that she lay down her gun, appellant had responded, "Hell, no, shoot me."

Officer Webb rendered assistance to the appellant on the porch by opening her blocked airway. At this point, Larry Russell became abusive to the officer, yanked his wife up in his arms, closing her airway again. After convincing Russell to let him work on his wife again, Webb reopened her airway.

For the defense, Larry Russell testified that his family was out playing in the snow that day and that his wife became upset and irrational. He further testified that his wife has mental problems. She locked him out of the house and that was when Russell called the sheriff. Russell inferred that excessive force was used by the officers. He testified that he and his wife have filed a civil lawsuit against the sheriff's office. The appellant testified that she had mental problems and could not remember the incident.

Appellant has raised the following issues:

I.  Whether the evidence of guilt is sufficient to sustain the conviction. (Appellant's Issues I and II).

On appeal, a guilty verdict approved by the trial judge, accredits the testimony of the witnesses for the State. *State v. Hatchett,* 560 S.W.2d 627, 630 (Tenn.1978). The State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832, 836 (Tenn.1978). A verdict against the defendant removes the presumption of innocence and raises a presumption of guilt on appeal, *State v. Grace,* 493 S.W.2d 474, 476 (Tenn.1973), which the defendant has the burden of

overcoming. *State v. Brown,* 551 S.W.2d 329, 330 (Tenn.1977). Where the sufficiency of evidence is challenged, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Williams,* 657 S.W.2d 405, 410 (Tenn.1983); Rule 13(e), Tenn.R.App.P.

Appellant contends that the shooting of Officer Webb was not intentional since the gun discharged as a result of appellant's nervous reaction to the presence of police on her property. The State contends that the elements of aggravated assault were present.

Aggravated assault has been committed if one "attempts to cause or *causes serious bodily injury to another willfully, knowingly or recklessly* under circumstances manifesting extreme indifference to the value of human life." T.C.A. § 39-2-101(b)(1). (Emphasis added). In the case *sub judice,* the appellant clearly fired upon and struck Officer Webb. Whether or not this conduct was precipitated by intent or recklessness is a moot distinction given the language of the statute.

Clearly, a jury could and did find the elements of aggravated assault beyond a reasonable doubt. In short, the appellant has failed to overcome the presumption of her guilt.

The issue, therefore, is without merit.

II. Whether the trial court properly excluded expert testimony on the issue of the appellant's mental health. (Appellant's Issue III).

■ The appellant maintains that the court improperly refused to allow a psychologist to testify regarding the appellant's mental health. During his motion *in limine,* defense counsel stated that this expert testimony was to show appellant's "state of mind". Counsel further stated that he was not seeking to prove diminished capacity, but that appellant "had a mental illness." The point of this testimony would have been to convince the jury that she had a mental disorder.

Notice of intent to introduce evidence of expert testimony on the issue of mental condition must be given to the State and filed with the court whenever it relates to "a mental disease or defect or any other mental condition of the defendant bearing upon the issue of his guilt." Tenn.R. Crim.P. 12.2(b). Notice was never filed or provided to the State, therefore, the trial court properly excluded this evidence under the circumstances. This issue is without merit.

III. Whether the objections by defense counsel to leading questions create reversible error. (Appellant's Issue IV).

Appellant argues that constant objections raised by defense counsel to alleged leading questions by the State, coupled with the other issues raised, resulted in reversible error.

We find no merit in this argument for two reasons. First, this issue has been waived since appellant has failed to cite law in support of his position. Tenn.R.App.P. 27(a)(7); *State v. Hailey,* 658 S.W.2d 547 (Tenn.Crim.App.1983). In any event, appellant does not contend that the trial court incorrectly overruled the objections. Therefore, we can find no prejudice.

IV. Whether the trial court properly permitted the State to cross-examine a witness about a pending civil rights lawsuit. (Appellant's Issue V).

■ The appellant and Larry Russell filed a lawsuit in federal court against the sheriff's department for shooting the appellant. Appellant complains that the trial judge allowed the State to cross-examine Mr. Russell about this civil rights lawsuit.

We find no merit to this issue for two reasons. First, appellant has failed to cite authority for the proposition that cross-examination on this matter constitutes error. Secondly, the trial judge did not err in allowing evidence of a pending civil lawsuit when it arises out of the same circumstances as the matter before him and goes to the issue of bias. *See Cribbs v. State,* 205 Tenn. 138, 325 S.W.2d 567 (1959); *Davis v.*

*Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974).

V. Whether the trial court properly denied appellant's request for probation. (Appellant's Issue VI).

■ Appellate review of probation denials is conducted *de novo* on the record without a presumption of correctness. T.C.A. § 40–35–402. Our Supreme Court has delineated the following criteria for determining probation petitions:

1) the circumstances and nature of the offense;

2) the defendant's criminal record;

3) defendant's social history;

4) defendant's present condition, including mental and physical health;

5) deterrent effects; and

6) the best interest of the defendant and the public.

*State v. Grear,* 568 S.W.2d 285, 286 (Tenn. 1978); T.C.A. § 40–21–104(a)(1).

In the case *sub judice,* we weigh heavily the circumstances of the offense, the aggravated assault of a law enforcement officer. Moreover, we note that her actions endangered the lives of others in addition to the officer shot by appellant. Among those potentially endangered were appellant's own children who were in the house during the incident.

We place serious consideration on the need to deter conduct such as that displayed by appellant, and find that although it may be in the best interest of appellant that probation be granted, it is not in the best interest of society.

The issue, therefore, is without merit.

Accordingly, the judgment of the trial court is affirmed.

CORNELIUS (Ret.) and SCOTT, JJ., concur.