**STATE of Tennessee, Appellee,**

v.

**Warren MESSER, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

June 28, 1988.

Mindy Norton Seals, Morristown, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Odell Horton, Jr., Asst. Atty. Gen., Nashville, Sharon Shelby, Asst. Dist. Atty. Gen., Morristown, for appellee.

**OPINION**

DWYER, Judge.

This is an appeal as a matter of right by Warren Messer from his conviction of one

count of aggravated assault and one count of malicious mischief for which he received sentences of four years, and 11 months, 29 days respectively. Effectively, two issues are presented for appellate review. Appellant challenges the sufficiency of the convicting evidence, and the trial court's admission of his statement made at the scene. This latter issue is pretermitted in view of our holding as to the former.

The record reveals that on December 19, 1986, Morristown police officers were summoned to the home of the appellant and Mrs. Messer who were engaged in a domestic dispute. When Officer Lowe first arrived on the scene, Mrs. Messer was standing on the porch crying and screaming, "Take him to jail." She was very angry and her clothes were in disarray.

The officer entered the house and discovered the appellant sitting in an easy chair and his twelve-year-old stepson, Chris, crying with a towel on his head. The lad was bleeding from a scalp laceration approximately ½-inch in length. About that time, Officer Snowden arrived at the scene. While Officer Snowden made arrangements for the boy to be transported to the hospital emergency room for examination, Officer Lowe questioned the appellant.

The Messers had been quarreling before Chris came home. It appears that Mrs. Messer had struck the appellant with a board which prompted him to pick up a metal flashlight. About this time, Chris arrived home and provoked the appellant who struck the boy with his open hand. Apparently, Chris retreated to the bedroom where he, in turn, struck the appellant's five-year-old son. This further provoked the appellant, causing him to storm into the bedroom, flashlight still in hand. Chris was now lying on the floor between the bed and the window covered by a blanket. Appellant stepped astride Chris by placing one foot on the bed and the other upon the window sill.

Chris testified at trial that he kicked his stepfather causing him to fall. When ap-

pellant fell, he struck Chris on the head with the flashlight. Appellant testified at trial that he intended only to scare Chris and that the striking was accidental. He gave a similar statement to police at the time of his arrest, and a notation to this effect was entered in the incident report filed by Officer Lowe on December 19, 1986. The victim also testified at trial that he thought the blow was accidental. Further, Chris stated that he did not even realize that he had been struck until he noticed blood.

When appellant was placed in the squad car, he asked if the windows could be rolled down. When he learned this was not possible, he became unruly and started kicking at the window, damaging the squad car door. Later, appellant apologized, offered to pay for the damage and explained that he is claustrophobic. The record supports that appellant suffers from this and other physical and mental disorders related to his service in the military.[1] Further, the record suggests that because appellant was disabled in an elevator accident, he was unable to afford to purchase medication required to control his medical conditions.

Regarding the charge of aggravated assault, it is appellant's contention that the blow resulted when the victim kicked him between the legs, causing him to loose his balance and accidentally strike the boy. The victim testified at trial that he thought the blow was accidental. Appellant's wife also testified on his behalf at trial. As to the charge of malicious mischief, appellant notes that the damage to the police vehicle was repaired at no cost to the city.

ISSUE I. Whether the evidence is sufficient to sustain the guilty verdict.

On appeal, a guilty verdict approved by the trial judge, accredits the testimony of the witnesses for the State. *State v. Hatchett*, 560 S.W.2d 627, 630 (Tenn.1978). The State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. *State v.*

---

**1.** A review of the record indicates that appellant suffers substantial physical and mental disorders which are the result of being wounded over thirteen times during five tours of duty in Vietnam.

*Cabbage,* 571 S.W.2d 832, 836 (Tenn.1978). A verdict against the defendant removes the presumption of innocence and raises a presumption of guilt on appeal, *State v. Grace,* 493 S.W.2d 474, 476 (Tenn.1973), which the defendant has the burden of overcoming. *State v. Brown,* 551 S.W.2d 329, 330 (Tenn.1977); *see State v. Tuggle,* 639 S.W.2d 913 (1982). Where the sufficiency of evidence is challenged, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Williams,* 657 S.W.2d 405, 410 (Tenn.1983); Rule 13(e), Tenn.R.App.P.

█ Suffice it to say that as to the charge of malicious mischief, the proof is sufficient to make out the elements of the crime beyond a reasonable doubt. It is undisputed that appellant damaged the police vehicle by kicking the interior of the rear door. The fact that the auto body shop did not charge the city for the repairs is of no material consequence to the charge. See T.C.A. § 39–3–1305(a).

█ As to the conviction of aggravated assault, however, the verdict is not supported by the evidence. Even in a light most favorable to the State, the prosecution has failed to demonstrate that, beyond a reasonable doubt, the elements of the crime of aggravated assault have been established. According to T.C.A. § 39–2–101(b)(1), a person is guilty of the offense of aggravated assault if such person attempts to cause or causes serious bodily injury to another willfully, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life.

In the case *sub judice,* we find that the proof is inadequate to demonstrate appellant's requisite intent to perform the offense charged. Assuming, *arguendo,* that the jury could infer from the facts that appellant's actions were reckless, the medical proof offered by the State fails to show that the blow would support an inference that appellant's conduct manifested extreme indifference to human life.

Furthermore, the statute defines serious bodily injury as a substantial risk of death, unconsciousness, extreme physical pain, protracted and obvious disfigurement, or protracted loss or impairment of the function of a body member or organ. T.C.A. § 39–2–101(b)(1). Here again, no proof was introduced as to any substantial risk of death, unconsciousness, protracted disfigurement or bodily impairment suffered by the victim. As to the possibility of extreme physical pain, the victim testified that he did not realize he had even been struck until after he noticed the bleeding.

Therefore, in the best light to the State, the elements of the crime of aggravated assault, as statutorily defined, have not been established beyond a reasonable doubt. See T.C.A. § 39–2–101; *State v. Williams, supra;* Rule 13(e), Tenn.R.App. P. While the appellant may have committed the misdemeanor offense of assault and battery, the felony of aggravated assault is not supported by the evidence. Accordingly, the offense of aggravated assault is reversed and dismissed, and the record is remanded for new trial. As to appellant's conviction for malicious mischief, the judgment of the trial court is affirmed.

DAUGHTREY and REID, JJ., concur.