IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1996 SESSION



FILED

July 26, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 02C01-9509-CR-00264 |
| | ) | |
| Appellee | ) | SHELBY COUNTY |
| | ) | |
| V. | ) | HON. JOSEPH B. DAILEY |
| | ) | JUDGE |
| WILLIE D. ROBINSON, | ) | |
| | ) | (Felony Murder) |
| Appellant | ) | |

FOR THE APPELLANT:

James V. Ball
217 Exchange Avenue
Memphis, Tennessee 38105

FOR THE APPELLEE:

Charles W. Burson
Attorney General and Reporter
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

William David Bridgers
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

John W. Pierotti
District Attorney General

Phillip Gerald Harris
Assistant District Attorney General
Criminal Justice Center
Third Floor
201 Poplar Avenue
Memphis, Tennessee 38103

OPINION FILED: _____

AFFIRMED

William M. Barker, Judge

The appellant, Willie D. Robinson, was indicted on two counts of murder by a Shelby County Grand Jury.  The first count of the indictment alleged that the appellant committed the murder of Martha Jean Favati during the commission of a felony.  The second count of the indictment alleged that the appellant committed the premeditated and deliberate murder of Martha Jean Favati.  The jury found the appellant guilty on count one (1), felony murder.  The trial court sentenced him to life imprisonment.  On appeal, the appellant argues only that the evidence was insufficient as a matter of law to support the conviction.

We affirm the judgment of the trial court.

On the evening of December 9, 1992, Martha Jean Favati was shot and killed as she unloaded her car while parked in her mother's driveway.  Ms. Favati's car keys and a sack of items were taken during the robbery.

When Officer Doreen Shelton of the Memphis Police Department arrived on the scene after the shooting, the victim was lying in the driveway with a blanket placed over her body and the passenger door of her car was open.  Officer Shelton testified that the area was well lit by two nearby street lights and by the porch lights of surrounding homes.  The officer testified that during her preliminary investigation of the crime scene, the lighting conditions were good enough that she did not need to use her flashlight.

Sheri Lynn Leith Derrick lived across the street from where Ms. Favati was shot.  Ms. Derrick placed the appellant and his unidentified accomplice at the murder scene within seconds after the victim was shot.  Ms. Derrick testified that on the evening of the murder, she was sitting in her living room when she heard a car pull into Ms. Favati's mother's driveway.  As was her custom, Ms. Derrick went to the front door to see who it was and saw that it was Ms. Favati.  After returning to her living room, Ms. Derrick heard something that sounded "like a backfire" from the street.  Ms.

Derrick returned to her glass front door and saw Ms. Favati lying on the ground. She then saw the appellant standing behind the car and the appellant's accomplice standing in the street holding a handgun. Ms. Derrick heard the appellant's accomplice tell the appellant to "come on" and then watched the pair run between her house and her next-door neighbor's house.

Ms. Derrick never wavered in her testimony that one of the two men she saw standing next to the victim's car was the appellant. She and Officer Shelton gave similar testimony as to the light conditions on the night of the murder. Ms. Derrick described the clothing worn by the appellant and was able to see his face clearly because the street was lit by several porch lights and at least one streetlight. Just three days after the murder, Ms. Derrick identified the appellant from a photo array as the man she saw fleeing the crime scene moments after the shooting. She told investigators that on the night of the shooting the appellant's hair was shorter than in the photo and that he did not have facial hair as he did in the photo. When the appellant was arrested and photographed on December 13, 1992 his hair appeared significantly shorter than it did in the photo used in the array from which Ms. Derrick identified him. However, his faint mustache and goatee appeared similar in both photos. Ms. Derrick also recognized the appellant at his preliminary hearing. Finally, when Ms. Derrick identified the appellant during her testimony at trial, she stated that she was "absolutely positive" that the appellant was one of the two men she saw just after the shooting.

Belinda Johnson, the appellant's girlfriend, and Toria Slater testified that the appellant was with them watching a movie on the evening that the victim was murdered. The appellant did not testify.

The appellant's sole argument is that the evidence was insufficient to support the conviction. The appellant contends that Ms. Derrick's opportunity to view the assailants was limited by time, distance, and darkness, and that she was mistaken

3

about her identification of the appellant as one of the two killers. The appellant

contends that without Ms. Derrick's unreliable testimony there would be no evidence

to support the conviction. In essence, the appellant asks this court to reweigh the

evidence from the trial. This we may not do. It is well-settled that questions

concerning the credibility of witnesses, the weight and value to be given the evidence,

as well as factual issues raised by the evidence are resolved by the trier of fact, not

this Court. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Where the sufficiency of the evidence is challenged, the relevant question for

this court is whether, after reviewing the evidence in the light most favorable to the

prosecution, any rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781,

61 L. Ed. 2d 560 (1979); State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983);

T.R.A.P. 13 (e).

A guilty verdict, approved by the trial judge, accredits the testimony of the

witnesses for the State and resolves any conflicts in favor of the State's theory. State

v. Hatchett, 560 S.W.2d 627, 630 (Tenn. 1978). On appeal, the State is entitled to the

strongest legitimate view of the evidence and to all reasonable inferences which might

be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 836 (Tenn. 1978). A verdict

against the defendant removes the presumption of innocence and replaces it with a

presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474 (Tenn. 1973). The

defendant has the burden of overcoming the presumption of guilt. State v. Brown, 551

S.W.2d 329 (Tenn. 1977).

The State presented uncontroverted proof that Martha Jean Favati was killed

during the commission of a robbery on December 9,1992 at approximately 7:45 p.m.

There was compelling evidence that the appellant was one of the two men seen by

Ms. Derrick on the evening of the murder and that the two men robbed and killed the

victim. The appellant's defense was that he was at the home of his girlfriend watching

4

a movie at the time of the murder.  The jury obviously found Ms. Derrick's testimony

more credible than that of the appellant's witnesses, as was its prerogative. Cabbage,

571 S.W.2d at 835 (Tenn. 1978).  After reviewing all of the proof in this case we

conclude that, viewed in the light most favorable to the State, the evidence established

beyond a reasonable doubt that the appellant participated in the robbery and killing of

Martha Jean Favati.   Accordingly,  this issue is without merit.


Although not raised by the appellant as an issue on appeal, we deem it

appropriate to review the sufficiency of the trial court's charge to the jury on the issue

of eyewitness identification.[1]   In State v. Dyle, 899 S.W.2d 607, 612 (Tenn. 1995),

the Supreme Court set forth the following charge as the charge to be given by the trial

courts of this State when identity is a material issue in a case.

> One of the issues in this case is the identification of the
> defendant as the person who committed the crime. The
> state has the burden of proving identity beyond a
> reasonable doubt.  Identification testimony is an expression
> of belief or impression by the witness, and its value may
> depend upon your consideration of several factors. Some
> of the factors which you may consider are:
>
> (1) The witness' capacity and opportunity to observe the
> offender. This includes, among other things, the length of
> time available for observation, the distance from which the
> witness observed, the lighting, and whether the person who
> committed the crime was a prior acquaintance of the
> witness;
>
> (2) The degree of certainty expressed by the witness
> regarding the identification and the circumstances under
> which it was made, including whether it is the product of
> the witness' own recollection;
>
> (3) The occasions, if any, on which the witness failed to
> make an identification of the defendant, or made an
> identification that was inconsistent with the identification at
> trial; and

---

[1]The appellant requested the United States v. Telfaire, 469 F.2d 552, 557 (D.C.Cir. 1972) charge at trial, which the trial court declined to give.  However, the appellant has not raised as an issue on appeal that the trial court erred in refusing to give the Telfaire instruction.

(4) The occasions, if any, on which the witness made an identification that was consistent with the identification at trial, and the circumstances surrounding such identifications.

Again, the state has the burden of proving every element of the crime charged, and this burden specifically includes the identity of the defendant as the person who committed the crime for which he or she is on trial. If after considering the identification testimony in light of all the proof you have a reasonable doubt that the defendant is the person who committed the crime, you must find the defendant not guilty. [2]

Id.

The decision in Dyle had not been released at the time of the trial in this case. However, the Court specifically stated that its holding was to be applied to cases on appeal at the time the opinion was released. This case was on appeal when Dyle was released. As Dyle requires us to do, we have reviewed the propriety of the charge in this case and hold that because the charge was substantially similar to the charge promulgated in Dyle, the trial court did not commit reversible error when it gave the following charge.

The court charges you that the identity of the defendant, Willie D. Robinson, must be proven in the case on the part of the State to your satisfaction, beyond a reasonable doubt. In other words, the burden of proof is on the State to show that the defendant now on trial before you is the identical person who committed the alleged crime with which he is charged. In considering the question of the identity of a person, the Jury may take into consideration the means and opportunity of identification, if any; whether it was light or dark; the distance intervening; the dress or clothing worn; the character and color of same; the size, height, and color of the individual; whether known to him, and if so, how long, and if seen before, under what circumstances; whether running or moving rapidly, standing still, walking fast or slow at the time claimed to the person testifying; the color of the hair; hat worn; facial expression or features and appearance; whether with or without moustache and beard; whether

---

[2] In Dyle, the court held that a trial court's failure to give the instruction when requested by an accused is plain error. If not requested by the defense, the failure to give the new charge is subject to harmless error analysis. In this case, the appellant could not possibly have requested the Dyle charge as the decision had not been released at the time of trial. We therefore do not hold the appellant responsible for not requesting this charge. For the same reason, the trial court could not have known to give the Dyle instruction.

6

> person said to be identified was white, black, dark, yellow, or light color; masked or not; the voice and speech.
>
> All these things when shown in the proof may be considered by the jury in determining the question of identity. The word identity means the state or quality of being identical, or the same; it means sameness. Identification means the act of identifying or proving to be the same. The word "Identify" mans [sic] to establish the identity or tho prove to be the same as something described, claimed or asserted.
>
> The Court charges you that if you are satisfied from the whole proof in this case, beyond a reasonable doubt, that the defendant, Willie D. Robinson, committed the crime charged against him, and you are satisfied, beyond a reasonable doubt, that he has been identified as the person who committed the crime charged, then it would be your duty to convict him. On the other hand, if you are not satisfied with the identity from the proof, or you have a reasonable doubt as to whether he has been identified from the whole body of the proof in this case, then you should return a verdict of not guilty. (Emphasis added).

The underscored portion of the above quoted charge reflects the essence of what the Dyle instruction conveys to the jury. As in Dyle, the trial court instructed the jury that eyewitness identification may be affected by a variety of factors, and such factors must be taken into account when assessing the reliability of such testimony. Id. at 612.

Ms. Derrick was subjected to a thorough and probing cross examination; however, she never wavered in her testimony identifying the appellant as one of the two men she saw fleeing the murder scene. Crucial to our decision in this case is our determination that the trial court's charge reflected the concerns addressed in the Dyle charge. Accordingly, we conclude that there was no reversible error in the instruction given to the jury on the issue of identity, [3] and the evidence supports the conviction.

The judgment of the trial court is affirmed.

---

[3] While we commend the trial court in this case for giving so complete a charge without benefit of knowing that our Supreme Court would shortly hold that the pattern instruction frequently used by trial courts on the issue of identity is inadequate, we remind the trial courts of this state to give the Dyle charge in its entirety when identity is a material issue.

_____
WILLIAM M. BARKER, JUDGE

CONCUR:


_____
JOE B. JONES, PRESIDING JUDGE


_____
GARY R. WADE, JUDGE.