# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER SESSION, 1998

**FILED**

December 10, 1998

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | **C.C.A. NO. 02C01-9710-CR-00408** |
| | **)** | |
| Appellee, | **)** | |
| | **)** | |
| | **)** | **SHELBY COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. CHRIS CRAFT** |
| **GEORGE WASHINGTON,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | **(DUI)** |


## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF SHELBY COUNTY


FOR THE APPELLANT:

A.C. WHARTON
Public Defender

WALKER GWINN
Assistant Public Defender
201 Poplar Avenue
Memphis, TN 38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

WILLIAM GIBBONS
District Attorney General

JULIE MOSLEY
Assistant District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Avenue
Memphis, TN 38103


OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, George Washington, pursuant to Tennessee Rule of Appellate Procedure 3(b), appeals as of right his conviction for driving under the influence of an intoxicant. The sole issue we review on appeal is whether the evidence presented at trial was sufficient to convict Defendant of that offense. We conclude that the evidence overwhelmingly supports the finding of Defendant's guilt, and we therefore affirm his conviction.

Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the finding by the trier of fact beyond a reasonable doubt." Tenn. R. App. P. 13(e). In addition, because conviction by a trier of fact destroys the presumption of innocence and imposes a presumption of guilt, a convicted criminal defendant bears the burden of showing that the evidence was insufficient. McBee v. State, 372 S.W.2d 173, 176 (Tenn. 1963); see also State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992) (citing State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1976), and State v. Brown, 551 S.W.2d 329, 331 (Tenn. 1977)); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Holt v. State, 357 S.W.2d 57, 61 (Tenn. 1962).

In its review of the evidence, an appellate court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Tuggle, 639 S.W.2d at 914 (citing State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978)). The court may not "re-

weigh or re-evaluate the evidence" in the record below. Evans, 838 S.W.2d at 191 (citing Cabbage, 571 S.W.2d at 836). Likewise, should the reviewing court find particular conflicts in the trial testimony, the court must resolve them in favor of the jury verdict or trial court judgment. Tuggle, 639 S.W.2d at 914.

In 1995, the offense of DUI required proof that (a) a person was driving or in physical control of a vehicle; (b) on any public road, highway, street, or alley, or on the premises of any shopping center, trailer park, apartment complex, or other place generally frequented by the public at large; (c) while under the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system. Tenn. Code Ann. § 55-10-401. The proof presented by the State at trial clearly fulfills these elements.

Defendant's conviction arose from police investigation of a collision between his vehicle and that of Joe and Annie Burton. Mr. Burton, driver of the other vehicle, testified first for the State. He stated that, while heading southbound on a four-lane road in Memphis (Third Street), he prepared to make a left turn onto a cross street (Weaver Road). He moved into the left-hand lane, turned on his turn signal, and waited for the green light. After the light turned green, he noticed that a vehicle heading northbound on the same street attempted to make a left turn onto the cross street from the right-most lane of the road. Mr. Burton noticed the action of this vehicle, driven by Defendant, because he was waiting on the northbound traffic moving straight ahead before he could execute his left turn.

As Mr. Burton waited, he observed Defendant's vehicle cross over the left-hand lane of northbound traffic, enter the intersection, and collide with the left side of the front of Mr. Burton's car. He stated that although he knew a collision was inevitable, he could not move his vehicle from Defendant's path. Mr. Burton testified that Defendant remained in his car for a few minutes to finish drinking a beer. Defendant then exited the car and stated, "I sure hate you tore up my car." Mr. Burton then walked to a store to telephone for the police, but the storekeeper had already called. In Mr. Burton's opinion, Defendant was not "in shape to drive" due to intoxication: he was "good and high", not "falling down drunk," but staggering.

The State next called Mrs. Burton to testify. Mrs. Burton, the passenger, provided the same description of the accident and also stated that she observed Defendant drinking a beer after colliding with their car. She testified that Defendant staggered when he exited his vehicle and that, based upon her experience seeing other intoxicated persons, she believed Defendant was drunk.

Officer Vernon Van Buren of the Memphis Police Department arrived first at the scene of the accident. Because Defendant acted "irate and angry," the officer placed him in the back seat of the patrol car. At that time, Van Buren smelled a "strong odor of alcohol" coming from Defendant and noticed that he had been stumbling. Van Buren then called for a DUI officer to conduct sobriety tests and later witnessed these tests, all of which Defendant failed to perform satisfactorily.

Officer Van Buren's partner, Officer A.W. Rudolph, heard the initial call and arrived on the scene shortly after Van Buren. Rudolph sat down inside the patrol car with Defendant and immediately noticed a "strong obvious smell of alcohol." He knew conclusively that the odor was coming from Defendant's mouth, not merely his clothing. Officer Rudolph also witnessed Defendant attempt to execute the field sobriety tests, and in his opinion, Defendant performed unsatisfactorily due to intoxication.

The final witness for the State was DUI Officer E.W. White, who administered the field sobriety tests. During his testimony, the jury viewed a videotape of those tests, in which Defendant attempted recitation of the alphabet, the finger-to-nose test, the heel-to-toe walk, and the one-legged stand. We have reviewed the videotape; and we observed that Defendant could not recite the alphabet in order, hesitated to perform the finger-to-nose test and requested repetition of instructions, stepped away from the imaginary line several times during the heel-to-toe walk, and could not perform the one-legged stand for any significant length of time. Officer White testified that Defendant swayed and weaved when he walked, that his speech was slurred, and that he had a moderate odor of alcohol about his person. In the officer's opinion, Defendant was impaired as a result of intoxication.

John Shelton, Defendant's passenger on the day of the accident and friend of twenty years, testified for the defense. Shelton stated that Defendant drank a Coke shortly before the collision, that he did not cross over lanes of traffic, that he did not smell of alcohol prior to the accident, and that he did not seem to have

any problem performing the field sobriety tests. The State effectively impeached Shelton's credibility due to bias based upon his friendship with the Defendant.

Based upon the foregoing proof presented at trial, we find the evidence clearly sufficient to permit the jury to convict Defendant of driving under the influence of an intoxicant. The judgment of the trial court is accordingly affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
PAUL G. SUMMERS, JUDGE

_____
JOE G. RILEY, JUDGE