# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### AUGUST SESSION, 1999

**FILED**

October 6, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | C.C.A. NO. 02C01-9809-CC-00287 |
| | **)** | |
| Appellee, | **)** | |
| | **)** | |
| | **)** | **MADISON COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. WHIT LAFON,** |
| **KELVIN LEE YOUNG, JR.,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | (First Degree Murder) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CIRCUIT COURT OF MADISON COUNTY

FOR THE APPELLANT:          FOR THE APPELLEE:

BILL ANDERSON, JR.                PAUL G. SUMMERS
142 North Third Street, Third Floor   Attorney General and Reporter
Memphis, TN 38103

                                  J. ROSS DYER
                                  Assistant Attorney General
                                  425 Fifth Avenue North
                                  Nashville, TN 37243

                                  JERRY WOODALL
                                  District Attorney General

                                  JAMES W. THOMPSON
                                  Assistant District Attorney General
                                  Lowell Thomas State Office Building
                                  Jackson, TN 38301

**OPINION FILED _____**

**AFFIRMED**

**DAVID H. WELLES, JUDGE**

# OPINION

The Defendant, Kelvin Lee Young, Jr., was tried before a jury and convicted of first degree murder.[1]  He was sentenced to imprisonment for life.  He appeals as of right, arguing that the evidence presented at trial is insufficient to support his conviction.  We disagree and affirm the judgment of the trial court.

Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."  Tenn. R. App. P. 13(e).  In addition, because conviction by a trier of fact destroys the presumption of innocence and imposes a presumption of guilt, a convicted criminal defendant bears the burden of showing that the evidence was insufficient.  McBee v. State, 372 S.W.2d 173, 176 (Tenn. 1963); see also State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992) (citing State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1976), and State v. Brown, 551 S.W.2d 329, 331 (Tenn. 1977)); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Holt v. State, 357 S.W.2d 57, 61 (Tenn. 1962).

In its review of the evidence, an appellate court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom."  Tuggle, 639 S.W.2d at 914 (citing State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978)).  The court may not "re-weigh or re-evaluate the evidence" in the record below.  Evans, 838 S.W.2d at 191 (citing

---

[1]  Tenn. Code Ann. § 39-13-202.

<u>Cabbage</u>, 571 S.W.2d at 836). Likewise, should the reviewing court find particular conflicts in the trial testimony, the court must resolve them in favor of the jury verdict or trial court judgment. <u>Tuggle</u>, 639 S.W.2d at 914.

The State's proof showed that the Defendant and his co-defendant, Cedric White, were upset with the victim because the previous evening the victim had robbed co-defendant White. White testified that the victim had taken his jewelry, money and drugs. White had obtained the drugs from the Defendant for the purpose of resale. When White told the Defendant about the robbery, the Defendant told White, "Robbing you is just like robbing me."

White testified that the Defendant armed himself with a 9 mm. semi-automatic pistol and provided White with a .380 pistol. Thus armed, the two men proceeded in the Defendant's vehicle to the Allenton Heights housing complex in Jackson, to look for the victim. They found the victim walking near a parking lot. White testified that he shot the victim in the leg and the victim began running and slid under a parked van seeking cover. The Defendant had also fired his gun at the victim. The Defendant's gun had then jammed but the Defendant was able to get it unjammed. White testified that when the victim crawled under the van, White tried to persuade the Defendant to leave because they had "already done enough," He said the Defendant responded "man, he ain't dead, he ain't dead." The Defendant immediately ran over to the van under which the victim was laying, got down on the ground and fired several shots at the victim. The Defendant next went around to the other side of the van and shot again. The two men then fled the scene.

Another witness, Carna Bruce, testified that she was at her mother's apartment in Allenton Heights when she heard gunshots. She immediately went outside where she saw the victim fall to the ground and crawl under a van. She then saw the Defendant on the ground shooting up under the van. She saw Cedric White standing near the van. She said she heard multiple shots and that the Defendant was the only one on the ground by the van. On cross-examination, this witness stated that she did not actually see the gun in the Defendant's hand, but that she saw the Defendant on the ground looking up under the van while the shots were being fired.

Dr. J.T. Franscisco performed the autopsy on the victim. He stated that the cause of death was multiple gunshot wounds. He described multiple bullet wounds to the body of the victim, so numerous that he could not tell exactly how many times the victim had been shot. Although several of the wounds would have been life-threatening, one bullet entered at the back of the victim's head and exited out of the front of the head. That bullet tore the brain stem and in Dr. Franscisco's opinion, this wound was "an instantly fatal wound. . . life would be extinguished very rapidly." He stated that after this wound, the victim would not have been able to run, limp or crawl under a van.

Not surprisingly, the jury returned a verdict finding the Defendant guilty of the first degree premeditated murder of the victim. Although the Defendant argues that the evidence presented is insufficient to support the finding by the jury of guilt beyond a reasonable doubt, we conclude that the evidence is clearly sufficient.

The Defendant argues that the conviction cannot stand because the verdict is based on the uncorroborated testimony of the co-defendant, Cedric White. Although the Defendant acknowledges that White's testimony was corroborated to a large extent by the testimony of Carna Bruce, he argues that Ms. Bruce's testimony was so inconsistent and contradictory that it must be totally disregarded.

Of course, the rule is well established in Tennessee that a defendant cannot be convicted on the uncorroborated testimony of an accomplice. See Sherrill v. State, 321 S.W.2d 811, 814 (Tenn. 1959). To corroborate the testimony of an accomplice, "there should be some fact testified to, entirely independent of the accomplice's evidence, which, taken by itself, leads to the inference, not only that a crime has been committed but also that the defendant is implicated in it." Clapp v. State, 30 S.W. 214, 217 (Tenn. 1895). The corroboration must consist of some fact or circumstance which affects the identity of the defendant. In addition, it is for the jury to determine the degree of evidence necessary to corroborate the testimony of an accomplice, and it is sufficient "if there is some other evidence fairly tending to connect the defendant with the commission of the crime." Id. As the Defendant concedes, the testimony of Ms. Bruce clearly corroborates the testimony of co-defendant and accomplice Cedric White.

Although the Defendant argues that Ms. Bruce's testimony is entitled to no credibility and that the testimony should be rejected in its entirety, we again point out that this court may not re-weigh or re-evaluate evidence in the record. As we have also noted, if there are conflicts in the trial testimony, we must resolve them in favor of the jury verdict.

Because we find no merit to the Defendant's appeal, the judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:


_____
JERRY L. SMITH, JUDGE


_____
JAMES CURWOOD WITT, JR. JUDGE