IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 22, 2015 Session

**STATE OF TENNESSEE v. REESE L. SMITH**

**Appeal from the Criminal Court for Davidson County**
**No. 2012-C-2176     Mark Fishburn, Judge**

_____

**No. M2014-01196-CCA-R3-CD – Filed May 8, 2015**

_____

Appellant, Reese L. Smith,[1] was convicted of aggravated perjury, and the trial court sentenced him to six years and one month, suspended to eight years of supervised probation.  On appeal, appellant challenges his conviction.  Following our review of the parties' briefs, the record, and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Reese L. Smith, Clarksville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Robert Elliott McGuire, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case arose from appellant's in-court testimony as a witness in a matter in the Davidson County General Sessions Court in which appellant denied being a convicted felon.  The State later indicted appellant for aggravated perjury, and appellant's trial began on July 22, 2013.

---

[1]  The record refers to appellant alternately as Reese L. Smith and Reese L. Smith, Jr.; however, the indictment in this case does not include the "Jr." designation.  It is the policy of this court to caption cases with the name listed on the indictment.

## I. Facts from Trial

Prior to presenting evidence, the State introduced judgments of conviction evidencing appellant's June 19, 2003 felony conviction for impersonating a licensed professional and appellant's March 31, 2005 felony convictions on two counts of impersonating a licensed professional.

The State's first witness was Katie Ladefoged, an assistant district public defender for the Metropolitan Nashville and Davidson County Public Defender's Office. Ms. Ladefoged testified that on April 5, 2012, she was representing a client in a bench trial, and appellant was a witness testifying against her client. Ms. Ladefoged explained that appellant's credibility was one of the "biggest issues" in her case due to the lack of physical evidence against her client. During Ms. Ladefoged's cross-examination, she asked appellant if he was a convicted felon, and appellant responded negatively. Ms. Ladefoged explained that she asked "a lot" of follow-up questions, even giving appellant the relevant case numbers. However, appellant unequivocally denied being a convicted felon. Ms. Ladefoged affirmed that appellant took an oath to tell the truth before testifying on April 5.

During cross-examination,[2] Ms. Ladefoged explained that after appellant denied being a convicted felon, she obtained a certified copy of appellant's judgment of conviction and submitted it to the court. Ms. Ladefoged stated that she was aware that appellant had previously filed a post-conviction petition but that to her knowledge, his conviction for impersonating a licensed professional was still valid.

The State and appellant agreed to enter the case summary of appellant's 2003 impersonating a licensed professional conviction.

Matt Smith, a criminal court clerk, testified that he was in the courtroom when appellant testified on April 5, 2012. Mr. Smith agreed that trials in general sessions court are not recorded unless one of the parties requests it and that neither party had requested a recording on April 5. Mr. Smith explained that when asked during cross-examination, appellant denied being a convicted felon, even when asked multiple questions in varying forms. Mr. Smith agreed that appellant was adamant in his refusal that he was a convicted felon. Upon appellant's denial, Mr. Smith used the criminal justice information computer system ("CJIS") to ascertain appellant's criminal history in preparation for possible questions from the judge. Mr. Smith explained that CJIS contains a case summary of each case that documents the status of the case, for example:

---

[2] There were many extraneous issues raised at trial. Our summary of the evidence will be limited to the evidence directly relevant to appellant's aggravated perjury conviction.

if a case is appealed; the appellate court's determination; and if a conviction had been reversed. Mr. Smith explained that appellant's case summary indicated that the last action taken on his 2003 conviction was in 2006 when the Court of Criminal Appeals denied him post-conviction relief. The State rested its case-in-chief.

In a jury-out hearing, the trial court explained to appellant that he had failed to prove that his 2003 conviction was no longer valid, briefly explaining judicial recusal and the appellate process.

Appellant's first witness was his daughter, Laquinta Smith. Ms. Smith testified that on April 5, 2012, at her trial, she remembered her attorney asking appellant if he was a convicted felon. Appellant denied having a felony conviction. Ms. Smith admitted that she had numerous assault convictions and that the April 5 trial was regarding her violating appellant's order of protection against her.

Harry Christensen, an attorney, testified that appellant had been assisting him in his legal practice for approximately six years by communicating with clients, filing documents, and helping with the workload. Appellant had also referred individuals who called into appellant's radio talk show to Mr. Christensen. Mr. Christensen stated that he had never known appellant to "misrepresent anything."

During cross-examination, Mr. Christensen explained legal proceedings and documents, including multiple count indictments, offense dates, mistrials, and continuances. Mr. Christensen agreed that a copy of the judicial opinion in appellant's prior appeal indicated that his appeal was denied and his conviction was affirmed. Mr. Christensen stated that he first learned that appellant was a convicted felon on April 5, 2012. Mr. Christensen agreed that from his review of the documents, the 2005 convictions seemed valid. Mr. Christensen explained that he did not pay appellant to work for him and that appellant was sometimes paid by the client prior to Mr. Christensen's involvement with the case. Mr. Christensen did not know for what services appellant was being paid.

After hearing this evidence, the jury convicted appellant of aggravated perjury, and the trial court sentenced appellant to six years and one month as a multiple offender, suspended to eight years of supervised probation. Appellant now appeals his conviction.

## II. Analysis

We interpret appellant's briefs and arguments as a challenge to the sufficiency of the evidence supporting his aggravated perjury conviction. The State responds that the evidence was sufficient to support his conviction and that the conviction should, therefore, be upheld.

The vast majority of appellant's argument is related to the validity of his underlying convictions. Appellant makes both constitutional and procedural challenges to his convictions. However, these arguments are not properly before this court because this is a direct appeal concerning appellant's aggravated perjury conviction. To the extent that appellant wishes to challenge his underlying convictions, our legislature has enacted specific legislation that a defendant can utilize to collaterally attack a conviction, for example: The Post-Conviction Procedure Act, *see* Tenn. Code Ann. § 40-30-102; a writ of error coram nobis, *see id.* § 40-26-105; and habeas corpus proceedings, *see id.* § 29-21-101. Therefore, if appellant wishes to collaterally attack his underlying convictions, he must use a statutorily-permissible method of challenge rather than attempting to attach a collateral attack of his prior convictions to this review of his conviction for aggravated perjury.

Absent appellant's attempts to collaterally attack his prior convictions, we interpret appellant's remaining arguments regarding his aggravated perjury conviction as a challenge to the sufficiency of the evidence. The standard for appellate review of a claim challenging the sufficiency of the State's evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)); *see* Tenn. R. App. P. 13(e); *State v. Davis*, 354 S.W.3d 718, 729 (Tenn. 2011). To obtain relief on a claim of insufficient evidence, appellant must demonstrate that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319. This standard of review is identical whether the conviction is predicated on direct or circumstantial evidence, or a combination of both. *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011); *State v. Brown*, 551 S.W.2d 329, 331 (Tenn. 1977).

On appellate review, "'we afford the prosecution the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences which may be drawn therefrom.'" *Davis*, 354 S.W.3d at 729 (quoting *State v. Majors*, 318 S.W.3d 850, 857 (Tenn. 2010)); *State v. Williams*, 657 S.W.2d 405, 410 (Tenn. 1983); *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). In a jury trial, questions involving the credibility of witnesses and the weight and value to be given the evidence, as well as all factual disputes raised by the evidence, are resolved by the jury as trier of fact. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997); *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990). This court presumes that the jury has afforded the State all reasonable inferences from the evidence and resolved all conflicts in the testimony in favor of the State; as such, we will not substitute our own inferences drawn from the evidence for those drawn by the jury, nor will we re-weigh or re-evaluate the evidence. *Dorantes*, 331 S.W.3d at 379; *Cabbage*, 571 S.W.2d at 835; *see State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn. 1984).

Because a jury conviction removes the presumption of innocence that appellant enjoyed at trial and replaces it with one of guilt at the appellate level, the burden of proof shifts from the State to the convicted appellant, who must demonstrate to this court that the evidence is insufficient to support the jury's findings. *Davis*, 354 S.W.3d at 729 (citing *State v. Sisk*, 343 S.W.3d 60, 65 (Tenn. 2011)).

To sustain a conviction for aggravated perjury, the State must prove beyond a reasonable doubt that appellant, with intent to deceive, committed perjury during an official proceeding and that the statement was material. Tenn. Code Ann. § 39-16-703(a). One way to commit perjury is to make a false statement while under oath. *Id*. § 39-16-702(a)(1). "Material" is statutorily defined as a statement that "could have affected the course or outcome of the official proceeding." *Id*. § 39-16-701(1). "Oath" is defined as "a solemn and formal undertaking to tell the truth and includes an equivalent affirmation permitted by law as a substitute for an oath administered by a person authorized by law to take statements under oath." *Id*. § 39-16-701(2). "'Official proceeding' means any type of administrative, executive, judicial, or legislative proceeding that is conducted before a public servant authorized by law to take statements under oath in that proceeding." *Id*. § 39-16-701(3). Aggravated perjury is a Class D felony. *Id.* § 39-16-703(c).

The evidence was sufficient to support appellant's conviction. The State introduced copies of appellant's facially valid judgments evidencing three prior convictions for impersonating a licensed professional. Katie Ladefoged, Matt Smith, and Laquinta Smith all testified that appellant denied being a convicted felon on the witness stand during a formal court proceeding. Ms. Ladefoged stated that at the time, appellant was under oath and that his statement, which was probative as to his credibility, was one of the "biggest issues" in her case. Based on this evidence, there was sufficient evidence to sustain appellant's convictions. Appellant is not entitled to relief.

## CONCLUSION

Based on the parties' briefs, the record, and the applicable law, we affirm the judgment of the trial court.

_____
ROGER A. PAGE, JUDGE

-5-