IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. CHARLES WILLIAM YOUNG

**Direct Appeal from the Circuit Court for Marshall County**
**No. 13972     Charles Lee, Judge**

---

**No. M1999-01240-CCA-R3-CD - Decided June 16, 2000**

---

The Defendant, Charles William Young, was indicted by the Marshall County Grand Jury for the offense of aggravated assault. He was subsequently convicted of that offense after a jury trial. In this appeal as of right, the Defendant challenges the sufficiency of the evidence. We hold that the evidence was sufficient to support the conviction, and we affirm the judgment of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Trial Court Affirmed.**

WELLES, J., delivered the opinion of the court, in which WADE, P.J., and RILEY, J., joined.

Gregory D. Smith, Clarksville, Tennessee, for the appellant, Charles William Young.

Paul G. Summers, Attorney General and Reporter, Clinton J. Morgan, Assistant Attorney General, Mike McCowen, District Attorney General, Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Charles William Young, the Defendant, appeals as of right from his conviction pursuant to a jury verdict of aggravated assault. He argues that the evidence was insufficient to support the conviction. We conclude that the evidence was sufficient to support the verdict, and we affirm the judgment of the trial court.

The evidence at trial established that on December 8, 1998, the Defendant's wife, Jennie Lee Young, obtained an order of protection restraining the Defendant from "abusing, threatening to abuse, or committing acts of violence upon" Ms. Young. This order of protection was subsequently extended to March 19, 1999.

Ms. Young testified that on December 28, 1998, her husband came to her trailer, and they got into an argument. While arguing, the Defendant put his hand on her throat and shoved her back against the dresser. Ms. Young was not injured, but she said that she found this conduct offensive.

She said that she was afraid of the Defendant. She testified that after this conduct, the Defendant threatened to kill her and her daughter and burn their house down.

After this altercation, Ms. Young drove the Defendant to his parents' home, but was denied access. She returned with the Defendant to her home. She testified that she and her daughter went to her mother's trailer, which was in front of her trailer on the same property, and locked the door. The Defendant began banging on the door of the trailer, attempting to get in. Ms. Young became frightened and called the police. The police responded and arrested the Defendant.

Ms. Young admitted on cross-examination that she had previously been convicted of theft and passing worthless checks. She also said that she and the Defendant spent some time together after she had taken out the order of protection. The Defendant and his parents came over for Christmas dinner, and the Defendant was at her trailer on other occasions as well.

Carrie Walker, Ms. Young's fifteen-year-old daughter, testified that she heard Ms. Young and the Defendant arguing in the bedroom on December 28, 1998. She said that she heard a noise that sounded like something being thrown. At first Ms. Walker said that she did not remember anything else, but then, in order to refresh her memory, the prosecutor showed her a statement that she had made after the incident. After reviewing the statement, Ms. Walker said that she remembered looking in the bedroom door and that she saw her mother up against the dresser with the Defendant's hands on her throat. She said that the Defendant pushed her mother, but she did not know whether he choked her. Ms. Walker left the room and went to look for the telephone number for the police. Her mother and the Defendant came out of the bedroom, and Ms. Walker said they left to take the Defendant to his parents' house so that they did not have to call the police. The Defendant's parents' would not let them in, so they returned to the trailer. Ms. Walker and Ms. Young went to Ms. Young's mother's trailer, where they locked the door. The Defendant began banging on the door and saying that he would burn the trailer down if they did not let him in. They then called the police.

Deputy Chris Bowden testified that he responded to a domestic violence call at Ms. Young's residence and observed the Defendant running from the trailer where Ms. Young's mother lived. The Defendant ran around the second trailer and crawled underneath. He eventually came out at Deputy Bowden's request. Deputy Bowden testified that the Defendant's body language and his language usage were abusive and hostile, but the Defendant calmed down after being threatened with pepper spray.

Ricky Ragsdale, a dispatcher with the Marshall County Sheriff's Department, testified that he received a call from Ms. Young around 4:04 p.m. on December 28, 1998. Mr. Ragsdale dispatched Deputy Bowden to the scene, but he kept Ms. Young on the telephone. He said that he could hear a man's voice "screaming and cussing to let him in." Mr. Ragsdale could hear someone beating on the doors and windows trying to get in.

The Defendant testified in his own defense. He admitted that he and Ms. Young got into an argument on December 28, 1998, but he denied hitting her or grabbing her by the throat. He said that all he physically did was "push clothes" back at Ms. Young after she pushed them towards him.

He said that he had a problem with drugs and alcohol and that he was on medication on the day in question. He admitted running from the police and hiding under the trailer when the police arrived because he was afraid they would arrest him for violating the order of protection. He also admitted that he had previously been convicted of theft.

On appeal, the Defendant argues that the evidence was insufficient to support the conviction. Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). Evidence is sufficient if, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). In addition, because conviction by a trier of fact destroys the presumption of innocence and imposes a presumption of guilt, a convicted criminal defendant bears the burden of showing that the evidence was insufficient. McBee v. State, 372 S.W.2d 173, 176 (Tenn. 1963); see also State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992) (citing State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1976), and State v. Brown, 551 S.W.2d 329, 331 (Tenn. 1977)); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Holt v. State, 357 S.W.2d 57, 61 (Tenn. 1962).

In its review of the evidence, an appellate court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Tuggle, 639 S.W.2d at 914 (citing State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978)). The court may not "re-weigh or re-evaluate the evidence" in the record below. Evans, 838 S.W.2d at 191 (citing Cabbage, 571 S.W.2d at 836). Likewise, should the reviewing court find particular conflicts in the trial testimony, the court must resolve them in favor of the jury verdict or trial court judgment. Tuggle, 639 S.W.2d at 914.

The Defendant was charged with aggravated assault by intentionally or knowingly causing offensive physical contact with Ms. Young while an order of protection against him was in effect. The relevant statute provides as follows:

> A person commits aggravated assault who, after having been enjoined or restrained by an order, diversion or probation agreement of a court of competent jurisdiction from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit an assault against an individual or individuals, intentionally or knowingly attempts to cause or causes bodily injury or commits or attempts to commit an assault against such individual or individuals.

Tenn. Code Ann. § 39-13-102(c) (emphasis added). An assault occurs when a person "[i]ntentionally or knowingly causes contact with another and a reasonable person would regard the contact as extremely offensive or provocative." Id. § 39-13-101(a)(3).

Here, the Defendant admits that an order of protection was in effect. He argues that the evidence was insufficient because he denied that he intentionally assaulted anyone and because the testimony of Ms. Young and Ms. Walker contained "blatant contradictions." As previously stated, any conflicts in the trial testimony must be resolved in favor of the jury verdict. Tuggle, 639 S.W.2d at 914. Also, the Defendant does not cite to any evidence in the record of "blatant contradictions" in the testimony of Ms. Young and Ms. Walker. Issues which are not supported by appropriate references to the record will be treated as waived in this Court. Tenn. Crim. App. R. 10(b). Our review of the record revels that both witnesses testified that the Defendant put his hand on Ms. Young's throat and pushed her against the dresser. Although Ms. Walker at first testified that she did not remember what happened, she subsequently had her recollection refreshed by her previous statement. Neither Ms. Young nor Ms. Walker ever testified that the incident did not occur. We believe that a rational jury could conclude beyond a reasonable doubt that the Defendant intentionally or knowingly touched Ms. Young on the throat and that a reasonable person would find this contact offensive. Accordingly, we conclude that the evidence was sufficient to support the conviction of aggravated assault, and we affirm the judgment of the trial court.