# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 9, 2002

## STATE OF TENNESSEE v. CHESTER FLOYD COLE

**Direct Appeal from the Circuit Court for Madison County**
**No. 00-720     Roy B. Morgan, Jr., Judge**

_____

**No. W2001-02871-CCA-R3-CD  - Filed December 31, 2002**

_____

The defendant appeals his conviction and sentence for rape of a child alleging insufficient evidence and excessive punishment.  The trial court failed to apply pre-July 1995 sentencing guidelines for this April 1995 crime, and the trial court erred in applying one enhancement factor.  After careful review, we affirm the conviction and remand for a new sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Remanded for Resentencing**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Didi Christie, Brownsville, Tennessee (on appeal), and George Morton Googe, District Public Defender, and Stephen P. Spracher, Assistant Public Defender (at trial and on appeal), for the appellant, Chester Floyd Cole.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Chester Floyd Cole, appeals from his conviction of rape of a child.  Tenn. Code Ann. § 39-13-522 (1997).  The defendant contends insufficient evidence exists to support his conviction for rape of a child, and the trial court improperly applied enhancement factors (6) and (7) in determining his sentence.  We affirm the defendant's conviction and remand for new sentencing.

# I. Facts

On September 5, 2000, the defendant was indicted on four counts of rape and two counts of rape of a child, all against his stepdaughter. Pursuant to an order severing count five from the other charges, the defendant was tried separately on one count of rape of a child. Tenn. Code Ann. § 39-13-522. The State called three witnesses including the victim; the victim's brother, Martel Lewis; and the victim's grandfather, Tom Lewis. The defendant testified and called his mother, Vadie Cole, and his sister, Carla Ballard to testify on his behalf. The following testimony was adduced at trial.

The victim, who was sixteen years of age at the time of trial, testified to the events occurring on the day the defendant raped her in April of 1995, when she was nine years old. The defendant lived with her family in Lincoln Courts in Jackson, Tennessee. On the day of the rape, the victim sought permission from the defendant to ride her bicycle outside. The defendant led her to her mother's bedroom and removed her clothing. She told him to stop, but the defendant said nothing. After he removed her clothes, the defendant penetrated her vagina with his penis. Although she attempted to push the defendant away, she was unable to do so.

The victim's brother, Martel Lewis, testified to witnessing the defendant rape his sister in April of 1995. Martel, who is one year older than the victim, lived with his family in Lincoln Court but, shortly after the rape, moved to live with his grandparents in Humboldt, Tennessee. On the day of the incident, he was playing outside and went inside to get a drink of water. He looked into his mother's bedroom and saw the defendant on top of his sister. He saw the defendant, with his clothes pulled down, moving up and down on top of the victim. The victim was wearing only her shirt. He told the defendant to get off the victim. The defendant jumped up off the victim and ran out of the bedroom. The defendant cried and asked Martel and the victim not to tell anyone. Martel did not tell anyone about the incident until his grandfather, Tom Lewis, asked him about the defendant.

Tom Lewis, the grandfather of Martel and the victim, testified that Martel began living in his home in mid-1995. In March of 2000, Lewis became aware of a police investigation regarding an incident involving the defendant and the victim. When Lewis asked Martel if he knew anything regarding the investigation, Martel reluctantly told him about the April 1995 incident.

Vadie Cole testified that in 1995, the defendant lived with her from the first week in February until September or October of 1995. Cole stated that Lisa Cole, the defendant's wife, had the defendant arrested in February of 1995. She said she had allowed the defendant and his three children to live with her from the time of his release from jail until he moved into his own apartment in Lincoln Court in the fall of 1995. Cole said the defendant remained with her all day and all night, except when he attended church.

Carla Ballard, the defendant's sister, testified that in 1995, the defendant lived with their mother due to the defendant's need for care after his 1994 back surgery. She further testified to the defendant's living arrangements at the time of the alleged rape. Lisa Cole, the defendant's wife, did

not live with the defendant from January until December of 1995. The defendant moved into their mother's home in January of 1995 after his wife had him arrested. In November of 1995, the defendant moved into his own apartment in Lincoln Court. During November of 1995, Lisa Cole and her three children moved back in with the defendant. However, Martel did not move into the apartment with his mother, the defendant, and his two sisters at this time.

The defendant testified that he did not have sex with the victim in April of 1995 and presented testimony regarding his living arrangements during the time of the alleged rape. He lived with his mother from February 8, 1995, until he moved into his own apartment in August or November of 1995. His wife, Lisa Cole, the victim, and the victim's sister moved in with him in November of 1995. He did not see Martel or the victim in April or May of 1995.

After conclusion of the testimony, the jury found the defendant guilty of rape of a child, a Class A felony, in violation of Tennessee Code Annotated section 39-13-522. The trial court applied the following enhancement factors in sentencing the defendant:

(1) The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;

(6) The personal injuries inflicted upon or the amount of damage to property sustained by or taken fro the victim was particularly great;

(7) The offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement; and

(15) The defendant abused a position of public or private trust, or used a special skill in a manner that significantly facilitated the commission or the fulfillment of the offense.

Tenn. Code Ann. § 40-35-114 (1), (6), (7), (15).

The trial court sentenced the defendant as a standard offender to twenty-five years incarceration, to be served at 100% as a child rapist. The defendant filed a Motion for New Trial and Verdict of Acquittal or Motion to Amend Sentence. The defendant's motion contended that the evidence was insufficient to support the verdict, the court improperly permitted hearsay testimony of Tom Lewis, and the court improperly applied enhancement factors (6) and (7). The trial court denied the defendant's motion. The defendant brings this appeal to challenge the sufficiency of evidence and the application of enhancement factors (6) and (7) in the calculation of his twenty-five-year sentence.

## II. Analysis

### A. Sufficiency of Evidence

The defendant argues that the evidence is insufficient to support his conviction of rape of a child. The defendant suggests that testimony of his mother and sister established the fact that he lived with his mother during April of 1995. The defendant maintains that testimony offered by his

mother and sister, regarding his domicile at the time of the rape, is adequate proof that he did not commit the crime at issue.

When a defendant challenges the sufficiency of the evidence, the standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. State v. Buggs, 995 S.W.2d 102, 105 (Tenn. 1999), see also Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560, 573 (1979); Tenn. R. App. P. 13(e). This rule applies to findings of guilt based on direct, as well as circumstantial, evidence. State v. Brown, 551 S.W.2d 329, 331 (Tenn. 1977). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

The defendant asserts that his mother and sister corroborated his testimony that he was living outside the victim's home at the time of the rape. The defendant contends that his testimony, as well as the testimony of his mother and sister, is conclusive proof that the rape did not occur. Furthermore, he argues that the children were not credible witnesses due to inconsistent testimony by the victim and her brother concerning whether the victim wore clothing while she was being raped. The victim testified that the defendant removed her clothes, but her brother testified that when he interrupted the defendant raping his sister, she was wearing a t-shirt. The defendant argues that no rational trier of fact could have found him guilty of rape of a child.

After hearing all testimony, the defendant was found guilty of rape of a child. In determining the sufficiency of evidence, this Court does not reweigh or evaluate the evidence. State v. Cabbage, 571 S.W. 2d 832, 835 (Tenn. 1978). This Court may not substitute our inferences for those drawn by the jury from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). It is not the duty of this Court to question the credibility of witnesses on appeal, that function being within the duty of the trier of fact. See generally, State v. Adkins, 786 S.W.2d 642, 646 (Tenn. 1990); State v. Burlison, 868 S.W.2d 713, 718-19 (Tenn. Crim. App. 1993). The question of witness credibility was decided by the jury upon rendering a verdict.

To convict a defendant of rape of a child, the State must prove beyond a reasonable doubt that the defendant sexually penetrated the victim when the victim was under thirteen (13) years of age. Tenn. Code Ann. § 39-13-522. When viewed in a light most favorable to the State, the evidence reveals that the defendant raped the victim when she was nine years old. The State established the necessary elements of the crime at issue through the testimony of the victim and her brother. In response to the State's questions, the victim testified that the defendant penetrated her vagina with his penis, in April of 1995, when she was nine years old. When questioned at trial, the victim's brother corroborated the victim's testimony by stating that he saw the naked defendant

moving up and down on top of his sister. We conclude sufficient evidence exists to support the defendant's conviction for rape of a child.

## B. Sentencing Standards

The defendant asserts that the State failed to establish proof to support enhancement factors (6) and (7) at the sentencing hearing. The defendant also contends the trial court erred in applying enhancement factors (6) and (7) in determining sentencing. The State brings to our attention that the trial court began sentencing at the midpoint range and not at the minimum.

When an accused challenges the length, range or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with the presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). Review of the sentence requires an analysis of: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 (1997); State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

"If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). According to the Sentencing Commission Comments, the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, State v. Moss, 13 S.W.3d 374, 387 (Tenn. Crim. App. 1999). In the instant case, the State has brought to our attention the impropriety in the trial court's sentencing methodology. We turn our attention to the starting point for determining sentencing for this Class A felony.

## C. Presumptive Sentence

Under Tennessee Code Annotated section 39-13-522(b), rape of a child is considered a Class A felony. Felony sentencing requires the trial court to begin at a prescribed point and apply mitigating and enhancement factors to arrive at a definitive sentence. Although the current presumptive sentence for a Class A felony is the midpoint of the range, the defendant raped the victim prior to July 1995. See Tenn. Code Ann. § 40-35-210(c) (2001). Before July 1, 1995, the sentencing law prescribed the minimum sentence in the range as the presumptive sentence. Tenn. Code Ann. § 40-35-210(c), (d) (1990). On July 1, 1995, Tennessee Code Annotated section 40-35-210(c) was amended to provide that the presumptive sentence for Class A felonies "shall be the midpoint of the range if there are no enhancement or mitigating factors." Tenn. Pub. Acts ch. 493, § 1 (effective July 1, 1995). If enhancement factors, but no mitigating factors, are present, the trial

court may set the sentence above the minimum as long as the sentence is within the range. Tenn. Code Ann. § 40-35-210(d) (1989). The trial court sentenced the defendant as a Range I offender, which constitutes fifteen to twenty-five-year sentences. The trial court erroneously began sentencing at twenty years, the midpoint, under the current sentencing guidelines and then proceeded to apply enhancement factors. However, if enhancement and mitigating factors were present, the trial court should have started at the minimum sentence, pursuant to pre-July 1995 guidelines, of fifteen years; enhanced the sentence within the range as appropriate for the enhancement factors; and then reduced the sentence within the range based upon the appropriate mitigating factors. Tenn. Code Ann. § 40-35-210(e) (1989). Therefore, we review the defendant's sentence de novo without the presumption of correctness.

### D. Application of Enhancement Factors

According to pre-July 1, 1995 sentencing guidelines, if there are enhancement factors, but no mitigating factors, the trial court may set the sentence above the minimum. Tenn. Code Ann. § 40-35-210(d). The trial court based its sentence upon four enhancement factors and no mitigating factors. The defendant challenges only two of the four enhancement factors used in determining his sentence - enhancement factors (6) and (7).

The trial court found that the personal injuries sustained by the victim were "particularly great," and, accordingly, it applied enhancement factor (6) to the offense of rape of a child. Tenn. Code Ann. § 40-35-114(6). In making this determination, the trial court relied on the victim's testimony and her grandfather's testimony at the sentencing hearing. The victim testified that she receives weekly counseling and experiences emotional and psychological problems. The victim stated that she does not like to see her family members because they are aware of the rape. The victim's grandfather also testified to the rape's detrimental effects upon his granddaughter. Our supreme court has held that enhancement factor (6) may be applied, in the absence of expert testimony, where there is specific and objective evidence demonstrating how the victim's injury is more serious than that which normally results from this offense. State v. Arnett, 49 S.W.3d 250, 260-61 (Tenn. 2001). The victim's own testimony, as well as the testimony of witnesses associated with the victim, may be presented to support the application of enhancement factor (6). Id. at 261. The record supports the trial court's application of enhancement factor (6).

We now consider the propriety of the trial court's application of enhancement factor (7) regarding whether the defendant committed the offenses to gratify his desire for pleasure or excitement. Tenn. Code Ann. § 40-35-114(7). Our supreme court has held that because pleasure or excitement is not an essential element of the offense of rape, Tennessee Code Annotated section 40-35-114(7) may be used to enhance a defendant's sentence for such an offense. State v. Kissinger, 922 S.W.2d 482, 489 (Tenn. 1996). The same reasoning applies to rape of a child. See Tenn. Code Ann. §§ 39-13-501, -502, -503, -522. Motivation for sexual gratification may be proven by overt remarks, sexual displays, or by showing the defendant fondled, kissed, or behaved in a sexual manner. State v. Williams, 920 S.W.2d 247, 260 (Tenn. Crim. App. 1995); see also, e.g., Arnett 49 S.W.3d at 262; State v. Michael Anderson Peek, 2000 Tenn. Crim. App. LEXIS 352, No. E1998-00038-CCA-R3-

CD, 2000 WL 565129, at *27 (Tenn. Crim. App. at Knoxville, May 3, 2000). However, the record does not reflect any discussion or testimony revealing whether the defendant engaged in any overt sexual displays or mannerisms outside the act of the penetration. The State bears the burden of demonstrating that the offender was motivated by a desire for pleasure or excitement. State v. Spratt, 31 S.W.3d 587, 608 (Tenn. Crim. App. 2000). The State has failed to cite any authority that would support the application of evidence concerning sexual gratification in this case. Our supreme court has emphasized the importance of the State's responsibility to make a showing in the record of situations where the evidence demonstrates the defendant's motivation was to gratify a desire for pleasure or excitement. See Arnett, 49 S.W.3d at 250 (Tenn. 2001). The State did not meet its responsibility in adequately proving enhancement factor (7).

Furthermore, the trial court did not articulate what evidence it relied upon in applying enhancement factor (7). The trial court is required to place "on the record either orally or in writing what enhancement or mitigating factors it found, if any, as well as findings of fact as required by Tennessee Code Annotated § 40-35-209." Tenn. Code Ann. § 40-35-210(f). The trial court did not give any reason for applying this enhancement factor other than stating, "It is a proper enhancing factor to consider and would be considered in this case as an enhancing factor, the burden having been carried." Because the record is devoid of any evidence of the defendant's motivation to seek sexual gratification, we find that enhancement factor (7) was improperly applied. The defendant did not challenge the impropriety of enhancement factors (1) and (15), thereby conceding to their application.

### E. Sentence Imposed

Because the trial court erred in applying sentencing guidelines in accord with the date of the offense and improperly applied enhancement factor (7), we address whether the sentence is likewise improper. Rape of a child is a Class A felony, and the defendant falls within the range of fifteen to twenty-five years. Tenn. Code Ann. § 39-13-522(b). From this point, we begin at the presumptive minimum sentence of fifteen years and apply the above-mentioned enhancement factors. The weight given to "each factor is left to the trial court's discretion" as long as it comports with the sentencing principles and purposes of our code and as long as its findings are supported by the record. State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995). In the instant case, the record does not reflect any language to support the application of enhancement factor (7). Furthermore, the defendant's sentence was not calculated utilizing the minimum sentence requirements in effect at the time of this crime's commission.

The trial court should have implemented pre-July 1995 sentencing guidelines, beginning the defendant's presumptive sentence at the minimum. Tenn. Code Ann. § 40-35-210(c), (d) (1990). The State is correct, however, in its position that the facts may justify the imposition of the maximum sentence. Because there are no mitigating factors and three enhancement factors applicable in determining the sentence, the trial court could have set the defendant's sentence above the minimum, as long as the sentence was within in the range. Tenn. Code Ann. § 40-35-210(c) (1989). We conclude the best course to correct this error is to allow the trial court to resentence the defendant.

### III.  Conclusion

The conviction for rape of a child is affirmed and remanded for resentencing consistent with this opinion.

_____
JOHN EVERETT WILLIAMS, JUDGE